**In re SOUTHWEST AIRLINES CO.**

No. 04–04–00700–CV.

Court of Appeals of Texas,
San Antonio.

Dec. 29, 2004.

J. Joe Harris, Bracewell & Patterson, L.L.P., San Antonio, for appellant.

L.H. Steven Savola, Ferraro & Associates, P.A., Miami, FL, Bruce J. Mery, San Antonio, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by ALMA L. LÓPEZ, Chief Justice.

The issue presented in this mandamus proceeding is whether the offensive-use doctrine precludes the plaintiffs in the underlying lawsuit from asserting the attorney-client privilege in an effort to resist certain discovery sought by Southwest Airlines Co. We hold that the trial court abused its discretion in denying Southwest's motion to compel because the attorney-client privilege was waived under the offensive-use doctrine. We conditionally grant mandamus relief.

### BACKGROUND

The plaintiffs in the underlying lawsuit sued Southwest for personal injuries they allegedly sustained after being exposed to chemicals while working at a reservation center in San Antonio. The plaintiffs worked at the reservation center during the 1980's and early 1990's. The latest any of the plaintiffs worked at the reservation center was November 1995. The plaintiffs did not file their lawsuit until 2002. Southwest asserted a limitations defense. In response to discovery, each of the plaintiffs stated:

I believe I was exposed to hazardous indoor air quality from the time employed. The hazardous indoor air quality was not suspected until advised by my doctors. The Defendants, Southwest Airlines, at all times denied causation. The fact that Southwest Airlines covered up the extent of the unreasonably dangerous indoor air quality condition was not known until November 2001.

The Defendant, Southwest Airlines, denied and concealed the presence of contaminants. I was unaware of the concealment until discovery of matter by my attorney which was communicated to me in November of 2001.

During each of the plaintiffs' depositions, Southwest sought to ask questions regarding what was communicated to the plaintiffs in November of 2001, but the plaintiffs' attorney instructed the plaintiffs not to respond claiming the information was protected by the attorney-client privilege. Southwest contends that it needed to discover what was learned to determine, *inter alia,* if (1) the information was something the plaintiffs knew prior to that date, or (2) was information which the plaintiffs could have known prior to that date by exercising reasonable diligence. Southwest filed a motion to compel asserting the offensive use doctrine resulted in a waiver of the attorney client privilege. The trial court denied Southwest's motion.

## DISCUSSION

■ Mandamus issues only to correct a clear abuse of discretion when there is no other adequate remedy by law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). With respect to factual issues, a trial court abuses its discretion if its decision is shown to be arbitrary and unreasonable. *See id.* at 839–40. A trial court has no discretion in determining what the law is or in applying the law to the facts, and a failure to apply the law correctly to the facts will constitute an abuse of discretion. *See id.*

■■ A plaintiff cannot use one hand to seek affirmative relief in court and with the other lower an iron curtain of silence against otherwise pertinent and proper questions which may have a bearing upon his right to maintain his action. *Ginsberg v. Fifth Court of Appeals*, 686 S.W.2d 105, 108 (Tex.1985). The attorney-client privilege can be waived by the offensive use of it. *Republic Ins. Co. v. Davis*, 856 S.W.2d 158, 163 (Tex.1993). The following factors guide a court in determining whether a waiver under the offensive-use doctrine has occurred: (1) the party asserting the privilege must seek affirmative relief; (2) the information must be such that if believed by the factfinder, in all probability, it would be outcome determinative of the cause of action, i.e., it must go to the very heart of the affirmative relief sought; and (3) disclosure of the confidential communication must be the only means by which the aggrieved party can obtain the evidence. *Id.*

■ Applying these factors, the plaintiffs clearly seek affirmative relief. In *Ginsberg*, the Texas Supreme Court granted mandamus relief when a plaintiff sought to use a privilege to protect against the disclosure of information that was "materially relevant to, and possibly validate[d], the statute of limitations defenses asserted by" the defendant. 686 S.W.2d at 106. Similarly, in this case, Southwest's ability to succeed on its limitations defense hinges on what was discovered in the November 2001 communication; therefore, the information is outcome determinative. Finally, disclosure of the communication is the only means by which Southwest can obtain evidence regarding the plaintiffs' affirmative defense to Southwest's limitations defense because the communication contains the information on which the plaintiffs seek to rely to defeat limitations.

In their response to Southwest's mandamus petition, the plaintiffs challenge the second and third factors required to show waiver under the offensive-use doctrine, that is: (1) information is outcome determinative; and (2) disclosure of confidential communication is the only means to obtain evidence. First, the plaintiffs contend the information is not outcome determinative, asserting, "It is the Defendant's burden to prove when the statute of limitations commenced and as such has no relevance to the November 2001 date." Southwest's contention is that the information is outcome determinative of the limitations issue because the dates of employment will necessarily require the plaintiffs to rely on the discovery rule or fraudulent concealment as an affirmative defense to limitations. *Ginsberg* supports the conclusion that the information communicated in November of 2001 would be outcome determinative of the limitations defense because Southwest would prevail on limitations if it could show that the information obtained during the November 1, 2001 communication was known or could have been discovered prior to November of 2001 with the exercise of reasonable diligence.

The plaintiffs also challenge whether the disclosure of the confidential communication is the only means to obtain the evidence, stating they have never been asked

questions "concerning why they were previously unaware of, when they could have discovered, or by the exercise of reasonable diligence should have discovered the information that serves as the basis for the cause of action." By this argument, it would appear to be the plaintiffs' contention that Southwest is required to accept their position regarding whether the information was previously discovered or could previously have been discovered. Without knowing the content of the information, Southwest would have no means to rebut the position taken by the plaintiffs in response to the questions they suggest Southwest should be required to pose. The plaintiffs also state that the information can be found in documents already provided because they have described numerous occasions when Southwest was aware of the dangerous conditions. The issue in the limitations context, however, is not when Southwest became aware of the conditions but when the plaintiffs became aware of the conditions or of the fact that Southwest was concealing the conditions.

### CONCLUSION

The trial court abused its discretion in denying Southwest's motion to compel answers to deposition questions. Accordingly, we conditionally grant the writ of mandamus. The writ will only issue if the trial court fails to modify its order within ten days from the date of our opinion and order.