**In re the UNIVERSITY OF TEXAS HEALTH CENTER AT TYLER.**

No. 06–06–00054–CV.

Court of Appeals of Texas, Texarkana.

Submitted July 18, 2006.

Decided July 19, 2006.

---

David Grant Halpern, Asst. Atty. Gen., Austin, for appellant.

Robert T. Cain, Jr., Scott C. Skelton, Zeleskey, Cornelius, et al., Lufkin, for real party in interest.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

The University of Texas Health Center at Tyler (the Hospital) seeks a writ of mandamus directing the Honorable Clay Gossett, presiding judge of the 4th Judicial District Court in Rusk County, Texas, to vacate his order compelling the Hospital to produce certain pathology materials for testing. We deny the Hospital's petition because (1) the Hospital waived its objections to the subpoena, and (2) even without waiver, the trial court's order was not an abuse of discretion.

Allegedly, after years of smoking and being exposed to asbestos and asbestos-containing products, J.W. Andrews developed asbestosis and eventually lung cancer. The heirs and estate of Andrews brought suit against more than forty defendants for wrongful death, survival, and

other causes of action. As part of the discovery effort, John Crane, Inc. (Crane), one of the defendants, subpoenaed the Hospital—not a named party to the Andrews lawsuit—for production of Andrews' lung pathology materials in its possession.

Over three months after being served with Crane's subpoena, the Hospital filed objections to the subpoena and moved for a protective order. After holding a hearing, the trial court overruled the objections to the subpoena,[1] denied the motion for a protective order, and ordered the Hospital to produce the materials.

The Hospital collects and retains patient pathology materials such as lung and pleura[2] samples. The Texas Legislature has designated the Hospital as a "primary facility" to conduct research and develop diagnostic and treatment techniques for respiratory diseases. TEX. EDUC.CODE ANN. § 74.602(a) (Vernon Supp.2005). The Hospital has also been designated a state chest hospital for tuberculosis. *See* TEX. EDUC. CODE ANN. § 74.603 (Vernon 2002).

■■■ Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law. *Cantu v. Longoria*, 878 S.W.2d 131 (Tex.1994) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding); *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198 (Tex.App.-Texarkana 2006, orig. proceeding). Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion or, in the absence of another statutory remedy, when the trial court fails to observe a mandatory statutory provision conferring a right or forbidding a particular action. *Abor v. Black*, 695 S.W.2d 564, 567 (Tex. 1985) (orig. proceeding).[3]

### (1) The Hospital Waived Its Objections to the Subpoena

■■■ Crane, the real party in interest, argues the Hospital waived any objections by failing to timely object to the subpoena. Any objections to a subpoena must be made "before the time specified for compliance" with the subpoena. TEX.R. CIV. P. 176.6(d), (e); *see Young v. Ray*, 916 S.W.2d 1, 3 (Tex.App.-Houston [1st Dist.] 1995, orig. proceeding) (former rule 177a). The Hospital acknowledged in its objections filed with the trial court that it received the subpoena July 25, 2005. Compliance with the subpoena was due twenty days after it was served. The Hospital filed its objections November 1, 2005. Because the objections were filed after subpoena compliance was due, and because the Hospital failed to explain or justify its three-month delay in objecting to the subpoena, the Hospital waived its objections to the subpoena.

---

1. In its order denying the objections to the subpoena, the trial court found that the subpoena was received by the Hospital on or about July 25, 2005; that the objections, motion for protection, and motion to quash were not filed until on or about November 1, 2005; and that there was no evidence presented to explain the delay in objecting to the subpoena.

2. The pleura is the tissue lining the lung.

3. A preliminary determination on a petition for writ of mandamus is whether the relator has another adequate remedy at law, such as a normal appeal. A remedy is not inadequate merely because it may involve more expense or delay than obtaining an extraordinary writ. *Walker*, 827 S.W.2d at 842. A party will not have an adequate remedy by appeal when the appellate court would not be able to cure the trial court's discovery error. *In re Kuntz*, 124 S.W.3d 179, 181 (Tex.2003) (orig. proceeding); *Walker*, 827 S.W.2d at 843. Here, we conclude the Hospital would not have another adequate remedy at law.

*(2) Even Without Waiver, the Trial Court's Order Was Not an Abuse of Discretion*

■ Even without the Hospital's waiver of its subpoena objections, the requested writ of mandamus would not be available because the Hospital has failed to show that the trial court clearly abused its discretion. There was no abuse of discretion because the trial court's production order neither exceeds the scope of the discovery rules nor clearly places a burden on the Hospital outweighing the benefit to be obtained from the production.

*(a) The Production Order Did Not Exceed the Scope of the Discovery Rules*

The Hospital argues, in its first issue, that neither Rule 176.6(d) nor Rule 205 of the Texas Rules of Civil Procedure permit custodial transfer of tangible items.[4] The trial court obviously concluded otherwise.

■ We review de novo the trial court's conclusions concerning the scope of the Texas Rules of Civil Procedure. *BASF Fina Petrochemicals L.P. v. H.B. Zachry Co.*, 168 S.W.3d 867, 871 (Tex. App.-Houston [1st Dist.] 2004, pet. denied).

"A trial court has no 'discretion' in determining what the law is or applying the law to the facts." *Huie v. DeShazo*, 922 S.W.2d 920, 927–28 (Tex.1996) (orig.proceeding) (quoting *Walker*, 827 S.W.2d at 840). Therefore, an erroneous legal conclusion by the trial court constitutes an abuse of discretion. *Huie*, 922 S.W.2d at 927–28. A trial court clearly abuses its discretion when it orders the production of discovery beyond that permitted by the Texas Rules of Civil Procedure.[5]

Discovery from nonparties is governed by Rule 205. *See* TEX.R. CIV. P. 205.1. Rule 205.1 allows oral depositions, depositions on written questions, and requests for production of documents or tangible things. *See* TEX.R. CIV. P. 205.1. Rule 205.3 provides for production of documents and tangible things from a nonparty. *See* TEX.R. CIV. P. 205.3. Any objections to discovery under Rule 205.3 must be in accordance with Rule 176.6. *Id.; see* TEX.R. CIV. P. 176.6.

The Hospital argues that the production contemplated by Rule 176.6(d) is limited to

---

4. The Hospital alleges that it owns the pathology material in question, but cites no authority for this proposition. The Hospital did cite *Moore v. Regents of Univ. of Ca.*, 51 Cal.3d 120, 271 Cal.Rptr. 146, 793 P.2d 479 (1990), in its argument to the trial court. Crane, the real party in interest, argues that the Hospital has no property rights in the sample. In the alternative, Crane argues (1) Andrews' family has a property interest in the material which trumps the Hospital's property rights, and (2) the Hospital's property rights do not defeat the parties' rights to test and inspect the sample. It is not necessary for us to determine the property rights of the various parties in the specimen.

5. *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding). The Hospital cites *Kuntz*, 124 S.W.3d at 181–84; *CSX Corp.*, 124 S.W.3d at 152; *In re Tex. Natural Res. Conservation Comm'n*, 85 S.W.3d 201, 207 (Tex.

2002) (orig. proceeding); *In re Am. Optical*, 988 S.W.2d 711, 713–14 (Tex.1998) (orig. proceeding); *Dillard Dep't Stores, Inc. v. Hall*, 909 S.W.2d 491, 492 (Tex.1995); *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex.1995) (orig. proceeding); and *Henderson v. O'Neill*, 797 S.W.2d 905 (Tex.1990) (orig. proceeding), for the proposition that a trial court clearly abuses its discretion when it orders production of discovery beyond that permitted by the Texas Rules of Civil Procedure. While that proposition may be true, those authorities do not suggest such an abuse of discretion in this case. The above cases hold discovery should not be compelled if it imposes an undue burden, if it is excessively broad such that it is merely a "fishing expedition," or inquires into irrelevant matters. As we discuss in this opinion, the trial court's discovery order in this case does not exceed the scope of the Rules and does not place an undue burden on the Hospital.

"inspection or copying of designated documents and things." That reading is too limited. Rule 176.6(d) refers to an order "to produce and permit inspection or copying of designated documents and things." Tex.R. Civ. P. 176.6(d). The quoted language from the rule does not define "production." Further, the Hospital's narrow interpretation would subvert explicit portions of Rule 205.3.

The plain language of Rule 205.3(b)(3) includes "testing" as one legitimate purpose of production of an item from a nonparty. *See* Tex.R. Civ. P. 205.3(b)(3). Specifically, the rule provides that a notice to produce tangible things must state "the items to be produced or inspected by individual item or by category, describing each item and category with reasonable particularity, and, if applicable, describing the desired testing and sampling with sufficient specificity to inform the nonparty of the means, manner, and procedure for testing or sampling." *Id.* By requiring notice of proposed testing and the manner and means of the proposed testing, the rules clearly indicate production is available to test tangible objects beyond simple inspection.

■■■ Generally, we should interpret rules according to the plain meaning of the words in the rule. *See City of San Antonio v. City of Boerne,* 111 S.W.3d 22, 25 (Tex.2003). When two rules govern the same subject matter, an effort should be made to harmonize and give effect to both rules. *See Argonaut Ins. Co. v. Baker,* 87 S.W.3d 526, 531 (Tex.2002). The Hospital's proposed interpretation would be contrary to the plain language of the rules and render certain portions of Rule 205.3 meaningless. Certainly, a party has the right to do its own testing. *See* Tex.R. Civ. P. 205.3(b)(3); *In re SWEPI L.P.,* 103 S.W.3d 578, 585 (Tex.App.-San Antonio

2003, orig. proceeding) (testing of hydrocarbon well).

■■■ The question really is whether that testing may be done only while the item remains in the possession of the owner or original custodian. The rule is not so limited. Much testing would either be impossible or extremely limited if the tangible object could be tested only in the custody of the owner or original custodian. The rules expressly provide for production of a tangible item for testing, and one contemplated method by which that production may be accomplished is physically delivering possession of the item to the requesting party or that party's agent. *See Gen. Motors Corp. v. Tanner,* 892 S.W.2d 862, 863 (Tex.1995) (orig.proceeding) (per curiam) (granting mandamus to compel party to deliver car seat, apparently into another party's custody, for testing by allowing requesting party to make model of item for subsequent examination using scanning electron microscope); *Gen. Elec. Co. v. Salinas,* 861 S.W.2d 20, 23–24 (Tex.App.-Corpus Christi 1993, no writ) (error to deny motion to deliver possession of allegedly defective product for testing); *see also Axelson, Inc. v. McIlhany,* 798 S.W.2d 550, 556 (Tex.1990) ("produce" to court means deliver to court's possession). Because the production rules are broad enough to include transfer of possession of a tangible item for the purpose of testing it, the trial court's order does not exceed the scope of the Texas Rules of Civil Procedure.

*(b) The Trial Court Balanced the Benefits and Burdens Within Its Discretion*

In its second issue, the Hospital argues the trial court imposed an undue burden on the Hospital by ordering the production of the pathology materials. We find no abuse of discretion in the trial court's allocation of burdens and benefits.

The scope of discovery is broad—extending to "any matter that is not privileged and is relevant to the subject matter of the pending action...." TEX.R. CIV. P. 192.3(a). Further, "only in certain narrow circumstances is it appropriate to obstruct the search for truth by denying discovery." *State v. Lowry,* 802 S.W.2d 669, 671 (Tex. 1991) (orig. proceeding); *Collins v. Cleme Manor Apartments,* 37 S.W.3d 527, 532–33 (Tex.App.-Texarkana 2001, no pet.).

With respect to the resolution of factual issues or matters committed to the trial court's discretion, the reviewing court may not substitute its judgment for the trial court. *Brady v. Fourteenth Court of Appeals,* 795 S.W.2d 712, 714 (Tex.1990) (orig. proceeding); *Walker,* 827 S.W.2d at 839–40. The relator must establish that the trial court could reasonably have reached only one decision. *Walker,* 827 S.W.2d at 840. "An abuse of discretion does not exist if the trial court bases its decision on conflicting evidence and some evidence reasonably supports the trial court's decision." *CSR Ltd. v. Link,* 925 S.W.2d 591, 600 (Tex.1996) (orig. proceeding).

A trial court abuses its discretion if it compels discovery which imposes a burden on the producing party far out of proportion to any benefit to the requesting party. *In re AIU Ins. Co.,* 148 S.W.3d 109, 116–17 (Tex.2004) (orig. proceeding); *Walker,* 827 S.W.2d at 843. Rule 192.4 of the Texas Rules of Civil Procedure provides as follows:

> The discovery methods permitted by these rules should be limited by the court if it determines, on motion or on its own initiative and on reasonable notice, that:
>
> (a) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or
>
> (b) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

TEX.R. CIV. P. 192.4. The rules encourage "trial courts to limit discovery when 'the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.'" *In re Alford Chevrolet–Geo,* 997 S.W.2d 173, 181 (Tex.1999) (orig. proceeding).

The Hospital argues it has a responsibility, as a research hospital, to preserve and protect pathology materials collected from patients. According to the Hospital, these materials must be readily accessible for researchers, stored in a manner which ensures the integrity of the material, and handled properly. Removal of tissue from the Hospital for testing risks complete loss of the tissue or loss or damage of the tissue through improper handling, such as breaking of glass slides or melting of paraffin blocks, thus jeopardizing the material's value for research.

Seeking to preserve the pathology materials in its possession, the Hospital has adopted a policy for responding to and accommodating requests for testing of pathology materials by allowing only on-site examination of slides or, on request, by Hospital laboratory personnel cutting additional sections from specimen blocks and making those new sections available to the requesting party. The Hospital alleges other litigants have successfully used this

procedure and believes this policy balances the needs of its research with the needs of litigants.

The Hospital does not claim or demonstrate that Andrews' tissue samples have unique value to its research, but claims only that they are part of its sample collection. Further, the Hospital has had the tissue available for study, we presume, since 2001, the year of Andrews' death. On the other hand, the materials have specific, unique value to the parties to the lawsuit. In fact, they are of vital importance to the parties' underlying litigation. Without access to the pathology materials, the real party in interest would have difficulty performing the tests necessary to prepare its defense. Both sides in the personal injury litigation have an apparent special need to access the materials, since the Andrews materials may very well be the most important evidence available to them.

The trial court was presented with evidence that the Hospital's procedure may not meet the needs of the litigants.[6] During the hearing, both Russell Brown, counsel for the plaintiff, and Scott C. Skelton, counsel for Crane, testified that many of the experts for both the defense and the plaintiff's side are "from all over this nation" and that inspection at the Hospital would not be cost-effective. Further, at least some of the tests the parties desire to perform on the materials could not be performed under the Hospital's policy. The attorneys also testified that the samples are shipped by reliable shippers and care is taken to follow any protocol requested by the Hospital concerning proper handling of the material.

The trial court has acted to protect the pathology materials. The trial court's order should be read in conjunction with the agreed discovery order of February 2, 2004. The agreed discovery order—agreed between the parties to the litigation, not the Hospital—provides a protocol for testing of all pathology materials in the case and provides protections to the parties as well as the Hospital for preservation of the same. The agreed order provides:

> In the event it appears that insufficient pathology material is available, the Court will conduct further hearings to determine how testing shall proceed. If destructive testing shall destroy all, or effectively all, of the pathology material, no testing shall take place without further order of this court.

The agreed order provides a mechanism for the Hospital to protect its interest in the sample. The Hospital has neither requested modification of the agreed order, nor shown that the proposed analyses are inappropriate.

The pathology materials are critically important to the parties, and the Hospital failed to show that the trial court clearly abused its discretion. We recognize that multiple parties have interests in the pathology material in dispute. Although the Hospital clearly has an interest in preserving its samples' integrity for research and maximizing the access researchers have to its samples, the parties have a vital inter-

---

6. We note an attorney's statements must normally be under oath to constitute evidence. *Russ v. Titus Hosp. Dist.*, 128 S.W.3d 332, 338 (Tex.App.-Texarkana 2004, pets. denied [2 pets.]); *see Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex.1997); *see also Rittenhouse v. Sabine Valley Ctr. Found., Inc.*, 161 S.W.3d 157, 165 (Tex.App.-Texarkana 2005, no pet.). But any such error is waived by the failure to object when the opponent knew or should have known an objection was required. *Rittenhouse*, 161 S.W.3d at 165; *Knie v. Piskun*, 23 S.W.3d 455, 463 (Tex.App.-Amarillo 2000, pet. denied). Because no objection was made to the attorney's statements, any verification error was waived.

est in being able to properly and completely analyze the Andrews samples to adequately prepare for the pending litigation. There is sufficient evidence to support the trial court's decision. We cannot say the trial court clearly abused its discretion in balancing these interests and in resolving the conflicting evidence. The trial court did not abuse its discretion in concluding the burden on the Hospital did not outweigh the benefit to the parties.

For the reasons stated, we deny the Hospital's petition for writ of mandamus.