In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00062-CV


______________________________





IN RE: BEIRNE, MAYNARD & PARSONS, L.L.P.









 


Original Mandamus Proceeding









 
 



Before Morriss, C.J., Carter and Moseley, JJ.


Opinion Per Curiam








O P I N I O N



 The law firm of Beirne, Maynard & Parsons, L.L.P., has filed a petition for writ of mandamus
asking this Court to order the 71st Judicial District Court to vacate its order directing discovery of
billing records. Beirne is a legal defense firm which defended U.S. Silica in silicosis litigation. The
real parties in interest in this case are TIG Insurance Company, an insurer of U.S. Silica, and
Riverstone Claims Management, L.L.C., a claims management company. We deny the petition.

 In the case giving rise to this action, Beirne sued TIG/Riverstone, claiming some $1.2 million
in unpaid legal fees which Beirne claims was due it in the representation of U.S. Silica.
TIG/Riverstone acknowledge that not all of the billings from Beirne were paid, but questioned the
veracity of Beirne's billing. During the pendency of Beirne's representation of U.S. Silica,
TIG/Riverstone began to pay only seventy percent of the sums billed by Beirne, claiming that Beirne
was failing to bill and invoice in accord with an agreement between the parties and was padding its
bills with unearned fees or expenses. TIG/Riverstone maintain that Beirne's invoicing would not be
supported by the underlying documentation from which those invoices were prepared.

 After Beirne brought suit to recover its unpaid billings, TIG/Riverstone sought discovery of
the particulars of the billings received from Beirne and have wrangled with Beirne for at least eight
months concerning access to some portion of the files generated by Beirne in its defense of U.S.
Silica.

 Beirne has resisted the discovery request by pointing out that thousands of boxes of files were
involved in this multi-state litigation and that the litigation files contained "millions" of pages of
material. However, TIG/Riverstone did not pursue a review of all of the documents or files, but only
what it claimed was a sampling of certain specified files. 

 After an extensive hearing over TIG/Riverstone's motion to compel discovery, the trial court
issued something of a Solomonic order, giving TIG/Riverstone only a part of the relief which was
sought. The court ordered discovery limited to the files of six timekeepers for Beirne, for a
maximum of four days each, for each of the three years between 2004 and 2007--not to exceed 275
files in toto. The court allowed Beirne to remove attorney-client information (1) and ordered it to
maintain a privilege log for each document removed, which was to be also provided to
TIG/Riverstone. The order imposes a time limitation of seven days for TIG/Riverstone's review,
with the inspection of the files to occur at a mutually agreeable location. It also provides that all
parties are permitted to have a representative present to monitor the inspection. 

 We grant the extraordinary relief of mandamus only when the trial court has clearly abused
its discretion and the relator lacks an adequate appellate remedy. In re Team Rocket, L.P., No. 06-0414, 2008 Tex. LEXIS 501 (Tex. May 23, 2008). (2) The test applied to determine whether a trial
court acted within the scope of its discretion is simply whether the judge acted without reference to
guiding rules and principles--whether the act was arbitrary and unreasonable. Worford v. Stamper,
801 S.W.2d 108, 109 (Tex. 1990); Sw. Health Plan, Inc. v. Sparkman, 921 S.W.2d 355, 357 (Tex.
App.--Fort Worth 1996, no writ). Mandamus will issue to correct a discovery order when the
mandamus record establishes that the order constitutes a clear abuse of discretion and there is no
adequate remedy by appeal. In re Colonial Pipeline Co., 968 S.W.2d 938, 941 (Tex. 1998). A trial
court abuses its discretion when it acts in an unreasonable or arbitrary manner or, stated differently,
when it acts without reference to guiding rules and principles. Id. Mandamus is an appropriate
means to seek to protect confidential documents from discovery. In re Living Ctrs. of Tex., Inc., 175
S.W.3d 253, 256 (Tex. 2005); In re Crestcare Nursing & Rehab. Ctr., 222 S.W.3d 68, 72 (Tex.
App.--Tyler 2006, orig. proceeding).

 In the dispute giving rise to the lawsuit, Beirne filed suit to recover fees for which it had
invoiced the real parties. It now attempts to prevent the real parties from examining documentation
underlying those invoices--to determine whether they are accurate--and which is the critical
defensive issue in the lawsuit. This constitutes an offensive use of what Beirne categorizes as work-product privilege. Simply put, you cannot deny a party the right to review documents supporting
your claim for reimbursement. (3) 

 Beirne argues that we should vacate the trial court's order because it (in violation of Tex. R.
Civ. P. 196.7) compels Beirne to submit to a compulsory entry onto its premises. As previously
noted, it does not. It orders the inspection either on their premises or at another location.

 Beirne argues that we should vacate the trial court's order because the ordered production is
"overbroad and unduly burdensome," requiring it to make available "massive amounts of its
documents and 'files,' with no showing of relevance . . . ." These are issues based on factual
determinations by the trial court. Based on Beirne's representations as to the vast quantities of
records which it generated in the defense of U.S. Silica and which are now stored, the court's order
is very narrowly crafted. It restricts the amount of discovery to a (still substantial, but relatively)
minimal level. (4) We cannot agree that the quantity of discovery ordered is of such a nature as to
implicate any of these concepts under these facts, or that the court abused its discretion by crafting
this order in the way that it did.

 Beirne argues that we should vacate because the order directs disclosure of privileged
documents as "core work product and non-core work product." Beirne argues, without citation to
controlling authority, that some types of privilege including core work product may remain protected
(despite the waiver executed by the client). (5) The court has explicitly provided for that eventuality
by directing Beirne to remove and log such materials. See Tex. R. Civ. P. 192.5(b); In re Hicks, 252
S.W.3d 790, 797 (Tex. App.--Houston [14th Dist.] 2008, orig. proceeding).

 Beirne also suggests that the court utilized the wrong rule in ordering discovery under Rule
196.7 (entry upon property), instead of a request for production under Rule 196.1. In support of its
argument, Beirne cites Belcher v. Bassett Furniture Industries, Inc., 588 F.2d 904 (4th Cir. 1978),
In re Fuljenz Marketing Corp., No. 09-06-324-CV, 2006 Tex. App. LEXIS 9188 (Tex.
App.--Beaumont Oct. 26, 2006, orig. proceeding), and In re Kimberly-Clark Corp., 228 S.W.3d 480
(Tex. App.--Dallas 2007, orig. proceeding). Each of those cases is distinguishable.

 In Belcher, the trial court authorized a designated expert to generally roam around the plant
and make any inquiries he deemed appropriate to obtain evidence. In Fuljenz, the order allowed
entry onto the premises to attempt to locate and obtain evidence of fraud. Finally, in Kimberly-Clark, the order allowed environmental testing of a plant to discover evidence of contaminants
known at the time of the sale of real estate. In each of these cases, the courts found that the
requesting party should engage in normal methods of discovery such as document production and
depositions.

 Here, the trial court's order is not a specific order for entry onto the premises pursuant to Rule
196.7, but is an order requiring production of documents--the subject of the hearing. The
documents were to be inspected "where the files are generally maintained by BMP, or at a mutually
agreeable location." We believe this order is within the discretion of the trial court and, in any event,
essentially grants much of the relief Beirne is now requesting. Any entry onto Beirne's premises is
simply incidental to the production of documents and may be avoided altogether if the parties agree
upon another site for such inspection. 

 As the trial court explicitly recognized when this argument was raised below, in this instance,
there is no viable distinction in the type of relief granted, as the burden to Beirne to comply would
be identical in either case. The order is not based on the language of the particular underlying
request, and Beirne has directed this Court to no authority suggesting that we should disregard the
substance of the requests as they were made to the trial court in order to focus instead on the form
of those requests. We decline to do so.

 We set aside our temporary stay of the proceedings below. We deny the petition.



 PER CURIAM


Date Submitted: July 17, 2008

Date Decided: July 18, 2008
1. We note that a confidentiality agreement is part of the mandamus record, which indicates
that the client has agreed to allow its insurer to review confidential information in the files. As set
out therein, U.S. Silica has agreed to provide the confidential information, while maintaining the
confidentiality of the information.
2. The traditional formulation states that we may issue a mandamus only when the mandamus
record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law and (2) the
absence of a clear and adequate remedy at law. Cantu v. Longoria, 878 S.W.2d 131 (Tex. 1994);
Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992). 
3. The offensive use doctrine generally states that when a party seeks affirmative relief against
another, it cannot maintain the action and at the same time utilize privileges that protect critical
material from discovery. See Tex. Dep't of Pub. Safety Officers Ass'n v. Denton, 897 S.W.2d 757,
761 (Tex. 1995); JDN Real Estate-McKinney L.P., 211 S.W.3d 907 (Tex. App.--Dallas 2006, orig.
proceeding). A plaintiff cannot use one hand to seek affirmative relief in court and with the other,
lower an iron curtain of silence against otherwise pertinent and proper questions which may have
a bearing upon his right to maintain his action. Ginsberg v. Fifth Court of Appeals, 686 S.W.2d 105,
108 (Tex. 1985). The attorney-client privilege can be waived by the offensive use of it. Republic
Ins. Co. v. Davis, 856 S.W.2d 158, 163 (Tex. 1993); In re Sw. Airlines Co., 155 S.W.3d 622, 624
(Tex. App.--San Antonio 2004, orig. proceeding).
4. In re Kuntz, 124 S.W.3d 179, 181 (Tex. 2003) (orig. proceeding); In re CSX Corp., 124
S.W.3d 149, 152 (Tex. 2003) (orig. proceeding); In re Tex. Natural Res. Conservation Comm'n, 85
S.W.3d 201, 207 (Tex. 2002) (orig. proceeding); In re Univ. of Tex. Health Ctr. at Tyler, 198 S.W.3d
392, 396 n.5 (Tex. App.--Texarkana 2006, orig. proceeding), support the proposition that a trial
court clearly abuses its discretion when it orders production of discovery beyond that permitted by
the Texas Rules of Civil Procedure. Such an abuse of discretion is not shown in this case. The
above cases hold discovery should not be compelled if it imposes an undue burden, if it is
excessively broad such that it is merely a "fishing expedition," or inquires into irrelevant matters. 
As we discuss in this opinion, the trial court's discovery order in this case does not exceed the scope
of the rules and does not place an undue burden on Beirne.
5. Rule 503 of the Texas Rules of Evidence, in connection with the attorney-client privilege,
reads as follows:


 (c) Who May Claim the Privilege. The privilege may be claimed by the
client, the client's guardian or conservator, the personal representative of a deceased
client, or the successor, trustee, or similar representative of a corporation, association,
or other organization, whether or not in existence. The person who was the lawyer
or the lawyer's representative at the time of the communication is presumed to have
authority to claim the privilege but only on behalf of the client.


Tex. R. Evid. 503.



nUsed="false" Name="Light List Accent 6"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00024-CR

                                                ______________________________

 

 

                                   GLEN MORRIS BROWN,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 114th
Judicial District Court

                                                             Smith County, Texas

                                                       Trial Court
No. 114-1289-10

 

                                                    
                                              

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            Glen
Morris Brown[1] entered an
open plea of guilty to the state jail felony offense of delivery of a
controlled substance, cocaine, in an amount of less than one gram.[2]  The trial court sentenced Brown to two years
incarceration and ordered Brown pay a reimbursement fee of $140.00 to the Texas
Department of Public Safety.   

            Brown
has filed a single brief for each of three appeals challenging the
reimbursement order in the trial courts judgment in each of the three cases
for which he was convicted.   For the
reasons we state in our opinion issued in cause number 06-11-00022-CR, we find
there was insufficient evidence for the trial court to assess the reimbursement
fee, and we modify the judgment to strike that provision. 

            As
modified, the trial courts judgment and sentence is affirmed.                

            

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          July
11, 2011

Date Decided:             August
2, 2011

 

Do Not Publish           











[1]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization efforts.  See Tex. Govt Code Ann. § 73.001 (West 2005).  We are unaware of any conflict between
precedent of the Twelfth Court of Appeals and that of this Court on any
relevant issue.  See Tex. R. App. P.
41.3.

 





[2]In
the same proceeding, Brown pled guilty to another state jail felony charge of
manufacture or delivery of a controlled substance, cocaine, less than one gram
(our cause number 06-11-00022-CR) and to a first degree felony charge of
possession of a controlled substance with intent to deliver, in an amount of
four grams or more but less than 200 grams (our cause number 06-11-00024-CR).  See
generally Tex. Health & Safety
Code Ann. § 481.112 (West
2010).  Brown has filed a single brief
raising the same issue in all three cases; we reach the same result in those
other two cases, released today in separate opinions bearing those cause
numbers.