

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-08-00062-CV
_____

## IN RE:  BEIRNE, MAYNARD & PARSONS, L.L.P.

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion Per Curiam

OPINION

The law firm of Beirne, Maynard & Parsons, L.L.P., has filed a petition for writ of mandamus asking this Court to order the 71st Judicial District Court to vacate its order directing discovery of billing records. Beirne is a legal defense firm which defended U.S. Silica in silicosis litigation. The real parties in interest in this case are TIG Insurance Company, an insurer of U.S. Silica, and Riverstone Claims Management, L.L.C., a claims management company. We deny the petition.

In the case giving rise to this action, Beirne sued TIG/Riverstone, claiming some $1.2 million in unpaid legal fees which Beirne claims was due it in the representation of U.S. Silica. TIG/Riverstone acknowledge that not all of the billings from Beirne were paid, but questioned the veracity of Beirne's billing. During the pendency of Beirne's representation of U.S. Silica, TIG/Riverstone began to pay only seventy percent of the sums billed by Beirne, claiming that Beirne was failing to bill and invoice in accord with an agreement between the parties and was padding its bills with unearned fees or expenses. TIG/Riverstone maintain that Beirne's invoicing would not be supported by the underlying documentation from which those invoices were prepared.

After Beirne brought suit to recover its unpaid billings, TIG/Riverstone sought discovery of the particulars of the billings received from Beirne and have wrangled with Beirne for at least eight months concerning access to some portion of the files generated by Beirne in its defense of U.S. Silica.

Beirne has resisted the discovery request by pointing out that thousands of boxes of files were involved in this multi-state litigation and that the litigation files contained "millions" of pages of material. However, TIG/Riverstone did not pursue a review of all of the documents or files, but only what it claimed was a sampling of certain specified files.

After an extensive hearing over TIG/Riverstone's motion to compel discovery, the trial court issued something of a Solomonic order, giving TIG/Riverstone only a part of the relief which was sought. The court ordered discovery limited to the files of six timekeepers for Beirne, for a maximum of four days each, for each of the three years between 2004 and 2007—not to exceed 275 files *in toto*. The court allowed Beirne to remove attorney-client information[1] and ordered it to maintain a privilege log for each document removed, which was to be also provided to TIG/Riverstone. The order imposes a time limitation of seven days for TIG/Riverstone's review, with the inspection of the files to occur at a mutually agreeable location. It also provides that all parties are permitted to have a representative present to monitor the inspection.

We grant the extraordinary relief of mandamus only when the trial court has clearly abused its discretion and the relator lacks an adequate appellate remedy. *In re Team Rocket, L.P.*, No. 06-

---

[1]We note that a confidentiality agreement is part of the mandamus record, which indicates that the client has agreed to allow its insurer to review confidential information in the files. As set out therein, U.S. Silica has agreed to provide the confidential information, while maintaining the confidentiality of the information.

0414, 2008 Tex. LEXIS 501 (Tex. May 23, 2008).[2]  The test applied to determine whether a trial court acted within the scope of its discretion is simply whether the judge acted without reference to guiding rules and principles—whether the act was arbitrary and unreasonable. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *Sw. Health Plan, Inc. v. Sparkman*, 921 S.W.2d 355, 357 (Tex. App.—Fort Worth 1996, no writ).  Mandamus will issue to correct a discovery order when the mandamus record establishes that the order constitutes a clear abuse of discretion and there is no adequate remedy by appeal. *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998).  A trial court abuses its discretion when it acts in an unreasonable or arbitrary manner or, stated differently, when it acts without reference to guiding rules and principles. *Id.*  Mandamus is an appropriate means to seek to protect confidential documents from discovery. *In re Living Ctrs. of Tex., Inc.*, 175 S.W.3d 253, 256 (Tex. 2005); *In re Crestcare Nursing & Rehab. Ctr.*, 222 S.W.3d 68, 72 (Tex. App.—Tyler 2006, orig. proceeding).

In the dispute giving rise to the lawsuit, Beirne filed suit to recover fees for which it had invoiced the real parties.  It now attempts to prevent the real parties from examining documentation underlying those invoices—to determine whether they are accurate—and which is the critical defensive issue in the lawsuit.  This constitutes an offensive use of what Beirne categorizes as work-

---

[2]The traditional formulation states that we may issue a mandamus only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law. *Cantu v. Longoria*, 878 S.W.2d 131 (Tex. 1994); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992).

4

product privilege. Simply put, you cannot deny a party the right to review documents supporting your claim for reimbursement.[3]

Beirne argues that we should vacate the trial court's order because it (in violation of TEX. R. CIV. P. 196.7) compels Beirne to submit to a compulsory entry onto its premises. As previously noted, it does not. It orders the inspection either on their premises or at another location.

Beirne argues that we should vacate the trial court's order because the ordered production is "overbroad and unduly burdensome," requiring it to make available "massive amounts of its documents and 'files,' with no showing of relevance . . . ." These are issues based on factual determinations by the trial court. Based on Beirne's representations as to the vast quantities of records which it generated in the defense of U.S. Silica and which are now stored, the court's order is very narrowly crafted. It restricts the amount of discovery to a (still substantial, but relatively) minimal level.[4] We cannot agree that the quantity of discovery ordered is of such a nature as to

---

[3]The offensive use doctrine generally states that when a party seeks affirmative relief against another, it cannot maintain the action and at the same time utilize privileges that protect critical material from discovery. *See Tex. Dep't of Pub. Safety Officers Ass'n v. Denton*, 897 S.W.2d 757, 761 (Tex. 1995); *JDN Real Estate-McKinney L.P.*, 211 S.W.3d 907 (Tex. App.—Dallas 2006, orig. proceeding). A plaintiff cannot use one hand to seek affirmative relief in court and with the other, lower an iron curtain of silence against otherwise pertinent and proper questions which may have a bearing upon his right to maintain his action. *Ginsberg v. Fifth Court of Appeals*, 686 S.W.2d 105, 108 (Tex. 1985). The attorney-client privilege can be waived by the offensive use of it. *Republic Ins. Co. v. Davis*, 856 S.W.2d 158, 163 (Tex. 1993); *In re Sw. Airlines Co.*, 155 S.W.3d 622, 624 (Tex. App.—San Antonio 2004, orig. proceeding).

[4]*In re Kuntz*, 124 S.W.3d 179, 181 (Tex. 2003) (orig. proceeding); *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding); *In re Tex. Natural Res. Conservation Comm'n,* 85 S.W.3d 201, 207 (Tex. 2002) (orig. proceeding); *In re Univ. of Tex. Health Ctr. at Tyler*, 198 S.W.3d

implicate any of these concepts under these facts, or that the court abused its discretion by crafting this order in the way that it did.

Beirne argues that we should vacate because the order directs disclosure of privileged documents as "core work product and non-core work product." Beirne argues, without citation to controlling authority, that some types of privilege including core work product may remain protected (despite the waiver executed by the client).[5] The court has explicitly provided for that eventuality by directing Beirne to remove and log such materials. *See* TEX. R. CIV. P. 192.5(b); *In re Hicks*, 252 S.W.3d 790, 797 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding).

392, 396 n.5 (Tex. App.—Texarkana 2006, orig. proceeding), support the proposition that a trial court clearly abuses its discretion when it orders production of discovery beyond that permitted by the Texas Rules of Civil Procedure. Such an abuse of discretion is not shown in this case. The above cases hold discovery should not be compelled if it imposes an undue burden, if it is excessively broad such that it is merely a "fishing expedition," or inquires into irrelevant matters. As we discuss in this opinion, the trial court's discovery order in this case does not exceed the scope of the rules and does not place an undue burden on Beirne.

[5]Rule 503 of the Texas Rules of Evidence, in connection with the attorney-client privilege, reads as follows:

> **(c) Who May Claim the Privilege.** The privilege may be claimed by the client, the client's guardian or conservator, the personal representative of a deceased client, or the successor, trustee, or similar representative of a corporation, association, or other organization, whether or not in existence. The person who was the lawyer or the lawyer's representative at the time of the communication is presumed to have authority to claim the privilege but only on behalf of the client.

TEX. R. EVID. 503.

6

Beirne also suggests that the court utilized the wrong rule in ordering discovery under Rule 196.7 (entry upon property), instead of a request for production under Rule 196.1. In support of its argument, Beirne cites *Belcher v. Bassett Furniture Industries, Inc.*, 588 F.2d 904 (4th Cir. 1978), *In re Fuljenz Marketing Corp.*, No. 09-06-324-CV, 2006 Tex. App. LEXIS 9188 (Tex. App.—Beaumont Oct. 26, 2006, orig. proceeding), and *In re Kimberly-Clark Corp.*, 228 S.W.3d 480 (Tex. App.—Dallas 2007, orig. proceeding). Each of those cases is distinguishable.

In *Belcher*, the trial court authorized a designated expert to generally roam around the plant and make any inquiries he deemed appropriate to obtain evidence. In *Fuljenz*, the order allowed entry onto the premises to attempt to locate and obtain evidence of fraud. Finally, in *Kimberly-Clark*, the order allowed environmental testing of a plant to discover evidence of contaminants known at the time of the sale of real estate. In each of these cases, the courts found that the requesting party should engage in normal methods of discovery such as document production and depositions.

Here, the trial court's order is not a specific order for entry onto the premises pursuant to Rule 196.7, but is an order requiring production of documents—the subject of the hearing. The documents were to be inspected "where the files are generally maintained by BMP, or at a mutually agreeable location." We believe this order is within the discretion of the trial court and, in any event, essentially grants much of the relief Beirne is now requesting. Any entry onto Beirne's premises is

7

simply incidental to the production of documents and may be avoided altogether if the parties agree upon another site for such inspection.

As the trial court explicitly recognized when this argument was raised below, in this instance, there is no viable distinction in the type of relief granted, as the burden to Beirne to comply would be identical in either case. The order is not based on the language of the particular underlying request, and Beirne has directed this Court to no authority suggesting that we should disregard the substance of the requests as they were made to the trial court in order to focus instead on the form of those requests. We decline to do so.

We set aside our temporary stay of the proceedings below. We deny the petition.


PER CURIAM


Date Submitted: July 17, 2008
Date Decided: July 18, 2008