**PAN AMERICAN GAS COMPANY,**
Appellant,

v.

**NATURAL GAS CONSTRUCTION COR-
PORATION et al., Appellees.**

No. 4622.

Court of Civil Appeals of Texas.

Waco.

July 20, 1967.

Rehearing Denied Aug. 10, 1967.

Charles L. Cartwright, Fountain, Cox & Gaines, Joyce Cox, Joe G. Roady, Houston, for appellant.

Blades, Crain, Slator, Winters & Ross, Newton M. Crain, Jr., C. Daniel Jones, Houston, for appellees.

OPINION

WILSON, Justice.

Plaintiff appeals from a take-nothing judgment rendered on a jury verdict.

After construction of a pipeline by plaintiff's contractor, the claim of the landowner for damages to its electric transmission towers was settled pursuant to an indemnity agreement in the easement grant from the landowner to plaintiff. After the settlement plaintiff sued the contractors and their bond surety, seeking, among other relief, recovery of approximately $22,000 paid in settlement of the landowner's claim.

■ The case turns on plaintiff's contentions that there is no evidence, or insufficient evidence, to support negative jury answers to issues as to whether plaintiff was "reasonably justified" and "acted in good faith" in making the settlement by payment of the $22,000. In our opinion the evidence is legally and factually adequate, and we affirm.

■ Where an indemnitee voluntarily settles a claim of its indemnitor (absent an unconditional contractual right to settle) without obtaining a judicial determination of its liability, it assumes the burden in its action for reimbursement of proving facts which might have rendered it liable to the claimant, "as well as the reasonableness of the amount which it paid". It is necessary for it "to establish that from its standpoint the settlement was made in good faith and was reasonable and prudent under the circumstances". Gulf, Colorado & Santa Fe Railway Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492, 497; Mitchell's, Inc. v. Friedman, 157 Tex. 424, 303 S.W.2d 775, 779.

Plaintiff argues that because the contractors admitted that they had caused some damage to the towers, and since there is other convincing evidence that some damage was caused by the contractor, effect should not be given to the answer to the good faith and justification issue. The argument is answered by the requirement that plaintiff must establish "the reasonableness of the *amount* which it paid." Mitchell's, Inc. v. Friedman, above. The jury was authorized to return a negative answer to the inquiry (as to whether plaintiff acted in good faith and was reasonably justified in making the settlement) if the evidence sustains the concomitant element that plaintiff failed to establish by a preponderance of the evidence that the entire $22,000 paid was reasonable. This, because the jury was limited by the wording of the issue: "by payment of the amount of" the entire $22,000. There is no objection to the issue.

There is evidence that this was the sum initially demanded by the landowner; that at least a part of the tower damage resulted from selection of a pipeline location too close to the towers; (that if it had been ten feet away damage would not have resulted); that corrosive action of the elements damaged towers in the area; that the $22,000 claim included the cost of new material to replace that which was old and depreciated; that there were other unrelated causes of the damages claimed; that there was no effort to reduce the amount of the landowner's claim by negotiation. A pipeline expert on plaintiff's staff, who investigated the claim, stated he never came to a conclusion "or even an idea of really what caused the damage." A report by engineers employed by plaintiff concluded, "It would be extremely difficult to establish precisely the cause of the damage", listing other possible causes. We overrule the evidence points. It is consequently unnecessary to pass on any of plaintiff's other points, except those relating to issue No. 1.

The first issue asked whether the jury found from a preponderance of the evidence that any damage to the towers was sustained in connection with, or arose out of the construction of the pipeline by the contractor. The jury answered, "We do not." Plaintiff complains that the issue is evidentiary, there is no evidence to support the answer, and the answer is contrary to the overwhelming preponderance of the evidence.

■ The complaint that the issue is evidentiary is not preserved in the motion for new trial, and therefore may not be considered.

Since the answers to the inquiries concerning good faith and justification in settling are evidentially supported, the first issue is immaterial, and any asserted error concerning it is harmless. Appellant's points are overruled.

Affirmed.