# NO. 12-16-00328-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *COLONIAL TITLE COMPANY, LLC,* *APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *COMMONWEALTH LAND TITLE INSURANCE COMPANY,* *APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Colonial Title Company, LLC appeals from an adverse summary judgment rendered in favor of Commonwealth Land Title Insurance Company in this indemnification suit. In two issues, Colonial contends the trial court erred in denying Colonial's motion for summary judgment and in granting Commonwealth's motion for summary judgment. We affirm in part and reverse and remand in part.

## BACKGROUND

Colonial, a title insurance agency, and Commonwealth, an underwriter of title insurance policies, entered into a "Title Insurance Agency Agreement." Pursuant to the terms of that agreement, Colonial agreed to indemnify Commonwealth against any loss incurred by Commonwealth and arising from Colonial's fraud, negligence, or misconduct.

In 2001, William Henson refinanced a manufactured home loan, executing a note in the amount of $46,510. He secured the note with a deed of trust in favor of America's Wholesale Lender.[1] As agent for Commonwealth, Colonial issued a mortgagee policy of title insurance to

---

[1] The loan was later assigned to Countrywide Home Loans Servicing, L.P. Countrywide later became BAC Home Loans Servicing, L.P.

America's Wholesale Lender. The deed of trust and the mortgagee policy of title insurance identified the land upon which the manufactured home was placed as the property encumbered by the insured mortgage, not the manufactured home. Under the policy, Commonwealth was obligated to insure against "[t]he invalidity or unenforceability of the lien of the insured mortgage upon the title" to the real estate.

In 2007, Countrywide sought to foreclose on the property because William and Leta Henson defaulted on the loan. Leta Henson filed suit against Countrywide claiming that the lien against her property asserted in the deed of trust is void because it is in violation of the Texas Constitution.[2] She asked the court to enjoin the sale and declare the deed of trust void.

Countrywide submitted a claim to Commonwealth because, under the title policy, Commonwealth had a duty to defend Countrywide's title interest. Commonwealth determined that the lien, which was on the real property and not the manufactured home, was void and that the error originated with Colonial. Commonwealth notified Colonial regarding its contractual obligation to indemnify Commonwealth. Based on the requirements of the title policy, in satisfaction of Countrywide's claim, Commonwealth paid BAC HLS, LP $46,510 and attorney's fees and expenses in the amount of $24,770.45. Commonwealth notified Colonial specifically stating that it looked to Colonial for reimbursement for its losses.

Thereafter, Commonwealth sued Colonial asserting that Colonial breached the agency agreement by neglect or refusal to perform and by failing to indemnify Commonwealth for losses caused by Colonial's issuance of a void lien. Commonwealth also asserted that Colonial was negligent in performing its services.

Both parties filed motions for summary judgment. The trial court denied Colonial's motion, found that Commonwealth is entitled to damages on its claim for breach of contract, granted Commonwealth's motion for summary judgment, and awarded Commonwealth $71,280.45 plus court costs and interest.

### INDEMNIFICATION

In its two issues on appeal, Colonial asserts that Commonwealth was not entitled to summary judgment because it did not present any evidence that the settlement was made reasonably, prudently, and in good faith. It further argues that the trial court should have granted Colonial's

---

[2] William Henson died before these proceedings began.

motion for summary judgment because it presented evidence that Commonwealth's settlement was not made reasonably, prudently, and in good faith.

**Standard of Review**

We review the trial court's decision to grant summary judgment de novo. ***Tex. Mun. Power Agency v. Pub. Util. Comm'n***, 253 S.W.3d 184, 192 (Tex. 2007). After adequate time for discovery, a party without the burden of proof at trial may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense. TEX. R. CIV. P. 166a(i). Once a no evidence motion has been filed in accordance with Rule 166a(i), the burden shifts to the nonmovant to bring forth evidence that raises a fact issue on the challenged element. ***Mack Trucks, Inc. v. Tamez***, 206 S.W.3d 572, 582 (Tex. 2006).

A party moving for traditional summary judgment bears the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). A plaintiff moving for summary judgment must conclusively establish all essential elements of its cause of action as a matter of law. ***MMP, Ltd. v. Jones***, 710 S.W.2d 59, 60 (Tex. 1986) (per curiam).

To determine if there is a fact issue, we review the evidence in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could do so, and disregarding contrary evidence and inferences unless reasonable jurors could not. ***Gonzalez v. Ramirez***, 463 S.W.3d 499, 504 (Tex. 2015) (per curiam); ***Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding***, 289 S.W.3d 844, 848 (Tex. 2009). More than a scintilla of evidence exists, and the evidence raises a genuine issue of fact, when the evidence rises to a level that would enable reasonable and fair minded jurors to differ in their conclusions in light of all the summary judgment evidence. ***Goodyear Tire & Rubber Co. v. Mayes***, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam); ***Wal-Mart Stores, Inc. v. Spates***, 186 S.W.3d 566, 568 (Tex. 2006) (per curiam); ***Forbes Inc. v. Granada Biosciences, Inc.***, 124 S.W.3d 167, 172 (Tex. 2003). Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact. ***Forbes Inc.***, 124 S.W.3d at 172.

When both parties move for summary judgment and the trial court grants one motion and denies the other, the appellate court should review both parties' summary judgment evidence and determine all questions presented. ***Tex. Mun. Power Agency***, 253 S.W.3d at 192. The reviewing court should render the judgment that the trial court should have rendered. ***Id***.

## Applicable Law

An indemnity agreement arises from a promise by the indemnitor to safeguard the indemnitee against existing or future liability, or both. ***Dresser Indus., Inc. v. Page Petroleum, Inc.***, 853 S.W.2d 505, 508 (Tex. 1993). Parties may include in the indemnification agreement the unconditional right of the indemnitee to settle a claim before the indemnitee's liability to the injured party has been judicially determined, thus immediately binding the indemnitor to reimburse the indemnitee for the sums paid out. *See **Gulf, Colo. & Santa Fe Ry. Co. v. McBride***, 322 S.W.2d 492, 496 (Tex. 1958). Where an indemnitee voluntarily settles a claim of its indemnitor, absent an unconditional contractual right to settle, without obtaining a judicial determination of its liability, it assumes the burden in its action for reimbursement of proving that it was potentially liable to the claimant, the settlement was prudent and made in good faith, and the amount was reasonable. *Id*. at 497; ***St. Anthony's Hosp. v. Whitfield***, 946 S.W.2d 174, 179 (Tex. App.−Amarillo 1997, writ denied); ***Pan Am. Gas Co. v. Nat. Gas Constr. Corp.***, 418 S.W.2d 380, 381 (Tex. Civ. App.−Waco 1967, writ ref'd n.r.e.).

## Analysis

Commonwealth filed a traditional motion for summary judgment asserting entitlement to judgment as a matter of law. It argues that Colonial obligated Commonwealth to be liable for an invalid lien. Specifically, it asserts that, at the time Colonial issued the title policy, August 30, 2001, the Texas Constitution did not allow an encumbrance on homestead property for the refinance of the purchase price of a manufactured home. *See* TEX. CONST. art. 16, § 50 (amended 2001).[3] Therefore, the lien on the property was unconstitutional and void at creation, Countrywide could not foreclose on the property, Commonwealth was obligated to indemnify Countrywide for an invalid encumbrance against the property, and there were no viable defenses that could have been asserted to alleviate Commonwealth of this duty.

Commonwealth asserts that Colonial is liable to it for breach of contract because Colonial issued a policy insuring a void lien and then failed to indemnify Commonwealth for the resulting damages. Because Commonwealth paid Countrywide $46,510 for its loss and paid $24,770.45 in expenses, costs, and attorney's fees, Commonwealth claims damages in the amount of $71,280.45.

---

[3] The Texas Constitution was amended in 2001 to include as a proper encumbrance on homestead property "the conversion and refinance of a personal property lien secured by a manufactured home to a lien on real property, including the refinance of the purchase price of the manufactured home . . . ." TEX. CONST. art. 16, § 50(8).

4

Colonial filed a combined no evidence and traditional motion for summary judgment asserting that it was entitled to judgment as a matter of law. Colonial argues that, although required to, Commonwealth presented no evidence that the settlement in the Henson case was reasonable, prudent, and made in good faith.[4]

In response, Commonwealth asserts that Colonial misconstrues Commonwealth's contractual duty to defend and indemnify a title insurance policyholder as an unreasonable settlement practice. Commonwealth claims that this was not a settlement, it was a contractual obligation, and Colonial mischaracterizes the release of title insurance claim executed by BAC as a settlement agreement.

We disagree with Commonwealth's argument that it did not enter into a settlement with Countrywide. As a general rule, an action for indemnification accrues when payment is made or judgment is rendered. *See Goose Creek Consol. Indep. Sch. Dist. of Chambers and Harris Counties, Tex. v. Jarrar's Plumbing, Inc.*, 74 S.W.3d 486, 492 (Tex. App.−Texarkana 2002, pet. denied); *Hendricks v. Thornton*, 973 S.W.2d 348, 373 (Tex. App.−Beaumont 1998, pet. denied). Commonwealth admitted in its petition that it incurred losses in November 2010 when it "was required to settle the claims of the insured mortgagee." While we agree that its payment of the claim was due to its contractual obligation, it was also a non-judicial settlement.

Commonwealth notified Colonial twice regarding Colonial's duty to indemnify Commonwealth pursuant to their agency agreement. There is no indication in the record that Colonial responded. Commonwealth had a right, in good faith, to make a reasonable settlement with Countrywide because it had notified Colonial of the claim against it. *McBride*, 322 S.W.2d at 497. But having settled, Countrywide assumed the responsibility of showing that it made the settlement in good faith, and that it was a reasonable and prudent settlement. *Id*.

The summary judgment evidence shows that Colonial, as agent for Commonwealth, issued the mortgagee policy of title insurance to Henson's lender when he refinanced his manufactured home. That policy identifies the Hensons' real property as the land encumbered by the insured

---

[4] Colonial also contends that Commonwealth must provide expert testimony to prove that the settlement meets these requirements. Colonial did not cite to any cases involving the question of reasonableness of a settlement of a claim pursuant to a title insurance policy. While some types of cases require expert testimony, we are unconvinced that this is one of them. *See Sieber & Calicutt, Inc. v. La Gloria Oil & Gas Co.*, 66 S.W.3d 340, 348 (Tex. App.−Tyler 2001, pet. denied) (held that determining whether settlement of wrongful death case is reasonable involves experience and specialized knowledge); *Amerada Hess Corp. v. Wood Group Prod. Tech.*, 30 S.W.3d 5, 11 (Tex. App.−Houston [14th Dist.] 2000, pet. denied) (held that questions regarding reasonableness of settlement in personal injury case require expert testimony).

mortgage. This encumbrance was unconstitutional at the time. *See* TEX. CONST. art. 16, § 50 (amended 2001). Pursuant to the title policy, Commonwealth was obligated to indemnify Countrywide for its losses incurred by reason of the invalidity of the lien, as well as costs, attorneys' fees, and expenses incurred in defense of the lien. *See **Hanson Bus. Park, L.P. v. First Nat'l Title Co.***, 209 S.W.3d 867, 869 (Tex. App.–Dallas 2006, pet. denied) (held that a title insurance policy imposes a duty to indemnify the insured against losses caused by defects in title).

Evidence that the lien was void and Countrywide was unable to foreclose on the property after the Hensons' default shows that Commonwealth was potentially liable to Countrywide. This is some evidence that the decision to settle was prudent and made in good faith. *See **McBride***, 322 S.W.2d at 497.

The record reflects that Commonwealth paid the policy limit. The release given by BAC states that Commonwealth and BAC "agree that the measure of damage with respect to the Claim is $46,510.00 which excludes attorneys' fees and costs." Thus, Commonwealth paid the full amount of the original indebtedness on the Hensons' note.

We note that the title policy specifically addresses the question of the amount of damages Commonwealth could be liable for. A paragraph entitled "Determination and Extent of Liability" provides as follows:

> This policy is a contract of indemnity against actual monetary loss or damage sustained or incurred by the Insured claimant who has suffered loss or damage by reason of matters insured against by this policy and only to the extent herein described.
> (a) The liability of [Commonwealth] under this policy shall not exceed the least of:
> (i) The Amount of Insurance stated in Schedule A, or, if applicable, the amount of insurance as defined in Section 2(c) of these Conditions and Stipulations;
> (ii) the amount of the unpaid principal indebtedness secured by the insured mortgage as limited or provided under Section 8 of these Conditions and Stipulations or as reduced under Section 9 of these Conditions and Stipulations, at the time the loss or damage insured against by this policy occurs, together with interest thereon; or
> (iii) the difference between the value of the insured estate or interest as insured and the value of the insured estate or interest subject to the defect, lien or encumbrance insured against by this policy after date the insured claimant is required to furnish to [Commonwealth] a proof of loss or damage in accordance with Section 5 of these Conditions and Stipulations.
> . . . .

> (c)     [Commonwealth] will pay only those costs, attorneys' fees and expenses incurred in accordance with Section 4 of these Conditions and Stipulations.

Commonwealth paid the amount referenced in (a)(i). That this amount was contemplated by the policy is some evidence that the settlement amount is reasonable. There is no evidence of the other two amounts referenced in the policy. Although paying the amount financed may be reasonable, there is no evidence disclosing why Commonwealth paid the amount it did. In the absence of such an explanation, fair minded jurors could differ in their determination about reasonableness of the amount paid. *See Forbes Inc.*, 124 S.W.3d at 172. We conclude that Commonwealth did not prove reasonableness of the amount as a matter of law and did not conclusively establish the right to indemnity. *See McBride*, 322 S.W.2d at 497. Therefore, the trial court erred in granting Commonwealth's motion for summary judgment. *See MMP, Ltd.*, 710 S.W.2d at 60. We sustain Colonial's first issue.

Because there was some evidence that Commonwealth was potentially liable to Countrywide, the settlement was prudent and made in good faith, and the amount was reasonable, Colonial did not conclusively establish that Commonwealth was not entitled to indemnification. *See McBride*, 322 S.W.2d at 497. Therefore, denial of its motion for summary judgment was proper. *See R.L. Jones Co. v. City of San Antonio*, 809 S.W.2d 565, 568-69 (Tex. App.−San Antonio 1991, no writ), *disapproved on other grounds by Fisk Elec. Co. v. Constructors & Assocs., Inc.*, 888 S.W.2d 813, 814 n.1 (Tex. 1994) (held that entire cause is remanded where indemnitee did not conclusively establish right to indemnity and indemnitor did not conclusively establish that indemnity contract was invalid). We overrule Colonial's second issue.

## DISPOSITION

The judgment of the trial court insofar as it denied summary judgment to Colonial is *affirmed*, and the judgment insofar as it granted summary judgment to Commonwealth is *reversed* and the cause in its entirety is *remanded* to the trial court for further proceedings consistent with this opinion.

**BRIAN HOYLE**
Justice

Opinion delivered October 18, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*
(PUBLISH)

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

OCTOBER 18, 2017

NO. 12-16-00328-CV

**COLONIAL TITLE COMPANY, LLC,**
Appellant
V.
**COMMONWEALTH LAND TITLE INSURANCE COMPANY,**
Appellee

Appeal from the 3rd District Court

of Henderson County, Texas (Tr.Ct.No. 2012C-0114)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was error in the judgment of the trial court below. In accordance with this court's opinion of this date, the judgment of the trial court is **affirmed** in part and **reversed** and **remanded** in part, as follows:

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below denying summary judgment for Colonial Title Company is **AFFIRMED**.

It is further ORDERED, ADJUDGED and DECREED that the judgment of the court below granting summary judgment for Commonwealth Title Insurance Company and awarding damages of $71,280.45 plus costs and interest is **REVERSED** and the cause is **REMANDED** to the trial court for further proceedings in accordance with this court's opinion.

It is FURTHER ORDERED that each party bear its own costs of this appeal, for which execution may issue, and that the decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*