# NO. 12-24-00191-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *STARR INDEMNITY & LIABILITY COMPANY,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### MEMORANDUM OPINION

Relator, Starr Indemnity & Liability Company, filed this original proceeding in which it challenges Respondent's decision to quash nonparty subpoenas.[1]  We deny the writ.

### BACKGROUND

This case arises out of a separate personal-injury lawsuit (the Hernandez Lawsuit) filed by Tomas Hernandez against, among other parties, Real Party in Interest Mewbourne Oil Company (Mewbourne).  Hernandez alleged that he suffered bodily injuries while working for his employer, Real Party in Interest Greene's Energy Group (Greene's), on an oil and gas well owned and operated by Mewbourne. Pursuant to the Master Services Agreement between itself and Greene's, Mewbourne demanded a defense and indemnity from Greene's and "additional insured" coverage from Greene's insurer.

Relator herein, the commercial general liability insurer for Greene's, acknowledged that it had a duty to defend Mewbourne as an additional insured under Greene's policy.  Relator

---

[1] Respondent is the Honorable Kerry L. Russell, Judge of the 7th District Court in Smith County, Texas.

appointed an attorney, Ian Beliveaux of the firm of Donato, Brown & Pool, P.C., as defense counsel, under a reservation of rights. Mewbourne, believing that the reservation of rights created a conflict of interest that necessitated the appointment of independent counsel, hired Thomas Paterson of Susman Godfrey L.P. Starr purported to permit Mewbourne to retain Paterson, but agreed to pay Paterson only its lower "panel counsel" rates, and required certain releases (to which Mewbourne refused to agree) for such payment. During the pendency of the Hernandez Lawsuit, Mewbourne retained two additional law firms (Walters, Balido & Crain LLP and Ahmad, Zaitsanos & Mensing, PLLC) and incurred total defense costs of $4,066,106.81. The Hernandez Lawsuit ultimately settled, and Relator paid the settlement amount on behalf of both Greene's and Mewbourne.

Following Relator's refusal to reimburse Mewbourne for its defense costs, Mewbourne filed suit in Smith County for breach of contract against Greene's, alleging failure to pay defense costs under the Master Services Agreement, and Relator, alleging failure to pay defense costs under the insurance policy, as well as violations of the Texas Insurance Code. Mewbourne moved for partial summary judgment on liability, alleging that Relator violated its insurance policy as a matter of law by failing to pay for independent counsel for Mewbourne. Respondent granted summary judgment on liability in favor of Mewbourne, finding, "[Relator] breached the Starr CGL Policy by failing to pay Mewbourne's defense costs with respect to the Hernandez lawsuit in an amount to be proven at a later date," and further that Relator violated Chapter 542 of the Texas Insurance Code by failing to pay Mewbourne's defense costs. Respondent additionally ruled, "Mewbourne is entitled to recover its attorney's fees incurred in prosecuting this action against Starr in an amount to be proven at a later date." Relator does not contest Respondent's summary judgment ruling in this proceeding.

Subsequently, Relator served notices of deposition by written question and subpoenas duces tecum to Susman Godfrey L.P., Walters, Balido & Crain LLP, and Ahmad, Zaitsanos & Mensing, PLLC, the three law firms Mewbourne hired to represent it in the Hernandez Lawsuit (the Law Firms). The subpoenas required that each firm produce its "complete defense file, including all correspondence, written evaluations, pleadings, discovery, document production, expert materials, depositions, and invoices" for the Hernandez Lawsuit. Mewbourne moved to quash the subpoenas, arguing that (1) the firms' defense files are privileged and protected from disclosure by attorney-client privilege and the work-product doctrine; (2) the defense files lack

2

probative value because Texas law prohibits a breaching insurer from contesting the reasonableness or necessity of the insured's defense costs; and (3) the subpoenas were unnecessarily duplicative and burdensome because Mewbourne already produced the documents Relator needed to evaluate the reasonableness and necessity of the defense costs. Relator, in response to Mewbourne's motion to quash, moved to compel production of the requested documents.

Respondent subsequently granted Mewbourne's motion, quashed the subpoenas, denied Relator's motion to compel, and generally prohibited Relator from seeking production of documents from the Law Firms. Respondent also denied Relator's subsequent motion to reconsider. However, neither of Respondent's orders stated a basis for the rulings. Subsequently, Relator filed this petition for writ of mandamus with this Court.[2]

<h2 style="text-align:center">AVAILABILITY OF MANDAMUS RELIEF</h2>

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). Generally, a writ of mandamus will issue only when the relator has no adequate remedy by appeal and the trial court committed a clear abuse of discretion. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The relator has the burden of establishing these prerequisites, and this burden is a heavy one. *In re Fitzgerald*, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding.); *see In re EPIC Holdings, Inc.*, 985 S.W.2d 41, 56 (Tex.1998) (orig. proceeding).

A trial court abuses its discretion when it acts in an unreasonable or arbitrary manner or, stated differently, when it acts without reference to guiding rules and principles. *See In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding). When a trial court fails "to analyze or apply the law correctly," it has clearly abused its discretion. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). "The trial court has no discretion in determining the law or applying the law to the facts." *In re Sherwin-Williams Co.*, 668 S.W.3d 368, 370 (Tex. 2023) (orig. proceeding). A party may demonstrate the court erred in "determining what the law is or applying the law to the facts, even when the law is unsettled." *In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 247 (Tex. 2021) (orig. proceeding).

---

[2] On May 31, 2024, Mewbourne moved for partial summary judgment on the issue of whether Relator may directly challenge the reasonableness and necessity of Mewbourne's defense costs. Respondent's review of this motion is stayed pending this Court's resolution of this mandamus petition.

However, when considering a writ of mandamus, "we focus on the result reached by the trial court rather than its reasons." *In re Tyndell*, No. 06-15-00086-CV, 2016 WL 269168, at *3 (Tex. App.—Texarkana Jan. 22, 2016, orig. proceeding) (mem. op.); *In re Stevens*, 971 S.W.2d 757, 760 (Tex. App.—Beaumont 1998, orig. proceeding). If the trial court expresses an incorrect legal reason for its ruling, we will nevertheless uphold the order on any other grounds supported by the record. *Luxenberg v. Marshall*, 835 S.W.2d 136, 141–42 (Tex. App.—Dallas 1992, orig. proceeding).

An appellate remedy may not be adequate where (1) an appellate court cannot cure the discovery error, such as when confidential information is erroneously made public, (2) the party's ability to present a viable claim or defense—or reasonable opportunity to develop the merits of the case—is "severely compromised" so that the trial would be a waste of resources, or (3) discovery is disallowed and cannot be made part of the appellate record such that a reviewing court is unable to evaluate the effect of the trial court's error based on the record. *K & L Auto Crushers*, 627 S.W.3d at 256. A party's ability to present and develop its case may be severely compromised when the denied discovery goes "to the very heart" of a party's case and prevents it from "developing essential elements" of its claim or defense. *Id.* However, the adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). When a trial court disallows discovery, in determining whether mandamus is appropriate, we must consider "all relevant circumstances, such as the claims and defenses asserted, the type of discovery sought, what it is intended to prove, and the presence or lack of other discovery, to determine whether mandamus is appropriate." *Walker*, 827 S.W.2d at 844.

A court will not grant a writ of mandamus unless it is convinced that the issuance of such a writ will effectively achieve the purpose sought by appellant, and mandamus will not issue to compel the doing of a meaningless action. *See In re Lopez*, 593 S.W.3d 353, 356 (Tex. App.—Tyler 2018, orig. proceeding); *Continental Oil Co. v. Lesher*, 500 S.W.2d 183, 186 (Tex. Civ. App.— Houston [1st Dist.] 1973, no pet.).

## MOTION TO QUASH

Relator argues that Respondent's granting of Mewbourne's motion to quash Relator's nonparty subpoenas to the Law Firms constitutes an abuse of discretion.

**Applicable Law**

The scope of discovery is largely within the trial court's discretion. ***K & L Auto Crushers***, 627 S.W.3d at 247. "In determining whether the trial court clearly abused its discretion, an appellate court may not substitute its judgment for the trial court's determination of factual or other matters committed to the trial court's discretion, even if the mandamus court would have decided the issue differently." ***In re State Farm Lloyds***, 520 S.W.3d 595, 604 (Tex. 2017). In this mandamus action, Relator has the burden of establishing that the trial court could reasonably have reached only one decision. ***Walker***, 827 S.W.2d at 839-40.

Our procedural rules permit discovery of "any matter that is not privileged and is relevant to the subject matter of the pending action." ***K & L Auto Crushers***, 627 S.W.3d at 247-48 (quoting TEX. R. CIV. P. 192.3(a)). This includes information that "will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." ***Id.*** The purpose of discovery is to enable courts to decide disputes based on "what the facts reveal, not by what facts are concealed." ***Id.*** (quoting ***Crosstex Energy Servs., L.P. v. Pro Plus, Inc.***, 430 S.W.3d 384, 394 (Tex. 2014)). Therefore, the rules must be "liberally construed to allow the litigants to obtain the fullest knowledge of the facts and issues prior to trial." ***Id.*** (quoting ***Axelson, Inc. v. McIlhany***, 798 S.W.2d 550, 553 (Tex. 1990) (orig. proceeding)).

Generally, the party resisting discovery has the burden to plead and prove the basis of its objection. ***In re GreCon, Inc.***, 542 S.W.3d 774, 780 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding). A party objecting or asserting a privilege must present any evidence necessary to support the objection or privilege. ***In re United Fire Lloyds***, 578 S.W.3d 572, 580–81 (Tex. App.—Tyler 2019, orig. proceeding). When the party asserting a privilege has made a prima facie case for its claim, the burden shifts to the requesting party to prove that an exception to the privilege applies. ***In re Christus Santa Rosa Health Sys.***, 492 S.W.3d 276, 279–80 (Tex. 2016) (orig. proceeding).

**Analysis**

In its Motion to Quash, Mewbourne advanced multiple objections in opposition to Relator's requested discovery of the Law Firms' defense files. As an initial matter, the parties briefed the issues of relevance in the mandamus petition and response, respectively, on the basis that the requested documents lack probative value because Relator is barred from challenging the

reasonableness and necessity of Mewbourne's attorney's fees for the Hernandez Lawsuit. However, Mewbourne also asserts that the defense files Relator seeks, specifically the requested "[attorney] evaluations and client communications," are protected from discovery by attorney-client privilege and the work-product doctrine.

But as discussed below, because we conclude that the materials sought in this case are privileged, we decline to reach the issue of relevance (and similarly do not opine as to whether the requested discovery is unduly burdensome and harassing).[3] *See* TEX. R. APP. P. 47.1.

*Attorney-Client Privilege and Work-Product Doctrine*

Mewbourne asserted two privileges in response to the discovery requests: the attorney-client privilege and attorney work-product privilege. The attorney-client privilege protects communications between attorney and client that are (1) not intended to be disclosed to third parties and (2) made for the purpose of facilitating the rendition of professional legal services. TEX. R. EVID. 503(a)(5), (b)(1). The work-product privilege is broader and protects from disclosure (1) material prepared or mental impressions developed in anticipation of litigation or for trial by or for a party or a party's representatives or (2) communications made in anticipation of litigation or for trial between a party and the party's representatives or among a party's representatives, including the party's attorneys and consultants. TEX. R. CIV. P. 192.5(a).

"Because there is no presumption that documents are privileged, the party who seeks to limit discovery by asserting a privilege has the burden of proof." *In re Maher*, 143 S.W.3d 907, 913 (Tex. App.—Fort Worth 2004, no pet.) (citing *In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 223-25 (Tex. 2004)). Asserting privilege and providing proof to support privilege are distinct concepts. *See In re Park Cities Bank*, 409 S.W.3d 859, 868 (Tex. App.—Tyler 2013, orig. proceeding); *In re Petitta*, No. 13-06-452-CV, 2006 WL 3365548, at *2 (Tex. App.—Corpus Christi Nov. 20, 2006, orig. proceeding) (mem. op.). To make a prima facie showing of the applicability of a privilege, a party must plead the particular privilege, produce evidence to support the privilege through affidavits or testimony, and produce the documents for

---

[3] For purposes of the privilege discussion, we assume without deciding that the materials are relevant. *See, e.g.*, *In re National Lloyds Ins. Co.*, 532 S.W.3d 794, 802–03 (Tex. 2017) (orig. proceeding) (stating that "[b]ecause either condition [irrelevance or privilege] suffices to warrant mandamus relief, we first consider whether the requested information is privileged"). As such, nothing in this opinion should be construed as holding that the disputed materials are relevant for purposes of determining admissibility.

an *in camera* inspection, if the trial court determines review is necessary.[4] ***In re ExxonMobil Corp.***, 97 S.W.3d 353, 357 (Tex. App.—Houston [14th Dist.] 2003, no pet.). We recognize that "[i]n certain instances, the documents themselves may be the only evidence to substantiate a privilege." ***Id.*** at 223. If the documents are the only evidence substantiating the claim of privilege, "they must be tendered for in camera inspection." ***In re Unitrin Cnty. Mut. Ins. Co.***, No. 03-10-00250-CV, 2010 WL 2540726, at \*2 (Tex. App.—Austin June 25, 2010, orig. proceeding) (mem. op.) (quoting ***Kavanaugh v. Perkins***, 838 S.W.2d 616, 620 (Tex. App.—Dallas 1992, orig. proceeding)).

In support of its motion to quash, Mewbourne submitted the affidavit of Michael J. Stoner, one of its attorneys; this affidavit does not reference either the requested defense files or Mewbourne's claims of attorney-client and work-product privilege over same. And, since Respondent did not hold a hearing on the motion, Mewbourne did not produce testimonial evidence in support of its claim. Further, it appears from the record that Mewbourne neither actually produced the documents at issue to Respondent, nor offered to produce same.[5] *See Unitrin*, 2010 WL 2540726, at \*2 (citing ***Kavanaugh***, 838 S.W.3d at 616) (party asserting claims of privilege need not actually deliver all documents to the trial court at the hearing on the claims, but may effectively tender the documents by repeatedly offering to produce them). In summary, Respondent had no evidence by which to substantiate Mewbourne's claims of privilege at the time he granted the motion to quash. As a general rule, a trial court abuses its discretion when it denies discovery when no proof of the privilege is provided. ***Salazar v. Coastal Corp.***, 928 S.W.2d 162, 172 (Tex. App.—Houston [14th Dist.] 1996, no pet.).

Nevertheless, as aforementioned, we focus on the result reached by Respondent and will uphold his order on any grounds supported by the record. ***Tyndell***, 2016 WL 269168 at \*3. The Texas Supreme Court determined that "[an] attorney's entire litigation file is privileged per se, regardless of whether unprivileged information is included in the file." ***National Lloyds***, 532

---

[4] The party asserting a privilege in opposition to discovery may establish a prima facie case by testimony or affidavit, although the party need produce "only the minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true." ***In re Memorial Hermann Hosp. Sys.***, 464 S.W.3d 686, 698 (Tex. 2015) (orig. proceeding).

[5] We are mindful that the subpoenas at issue were directed at third parties, the Law Firms, and not Mewbourne. However, we also note that Mewbourne argued in its motion to quash, and maintains before this Court, that it possesses the same documents Relator seeks from the Law Firms and was therefore the proper target for such discovery.

S.W.3d at 805 (citing *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Valdez*, 863 S.W.2d 458, 460-61 (Tex. 1993)). As the Court explained:

> [T]he organization of the file, as well as the decision as to what to include in it, necessarily reveals the attorney's thought processes concerning the prosecution or defense of the case and that, if such information were discoverable, an attorney would be restricted in the organization and maintenance of his or her files by the prospect that they might have to be revealed in their entirety. We thus held (1) an attorney's litigation file goes to the heart of the work-product privilege, (2) an attorney's selection and ordering of documents in anticipation of litigation is protected work product even where the individual documents are not privileged, and (3) a party is therefore prevented from requesting the entire file, which is almost certain to encompass numerous irrelevant and immaterial documents as well as privileged information.

*Id.* at 805-06. A party successfully invokes the attorney work-product privilege when it objects to a discovery request for an attorney's entire file on this basis, although this privilege is subject to waiver by offensive use. *Id.* at 806, n. 43 (citing *Lewis v. Wittig*, 877 S.W.2d 52, 57 (Tex. App.—Houston [14th Dist.] 1994, orig. proceeding)). In this case, Relator requested the "complete defense file" for the Hernandez Lawsuit from each respective Law Firm, and Mewbourne's motion to quash included an objection based on work-product privilege. We conclude that Mewbourne established a prima facie case of privilege for the documents at issue.[6] *Valdez*, 863 S.W.2d at 461. Therefore, we next consider whether Relator met its burden to prove that an exception to the privilege applies in this case. *Christus Santa Rosa Health Sys.*, 492 S.W.3d at 279–80.

### *Insurer-Insured "Common Interest"*

Relator argues that although the requested defense files may include privileged material, this material is nevertheless discoverable because it shares with Mewbourne a "common interest in defeating or settling the underlying claim." Relator cites no Texas authority in support of its argument that privilege would not apply to protect "the insured's defense file from an underlying lawsuit" from discovery by the insurer in a separate breach-of-contract lawsuit where the insurer and insured are adversaries.

Instead, the "common interest" rule described in Texas cases is "an exception to the general principle that the privilege is waived if the lawyer or client voluntarily discloses privileged communications to a third party." *In re XL Specialty Ins. Co.*, 373 S.W.3d 46, 50

---

[6] The work-product privilege in Texas is of continuing duration, and encompasses documents prepared for prior litigation. *Owens-Corning Fiberglas Corp. v. Caldwell*, 818 S.W.2d 749, 751–52 (Tex. 1991); *In re Bonding*, 522 S.W.3d 75, 86 (Tex. App.—Houston [1st Dist.] 2017, orig. proceeding).

(Tex. 2012) (orig. proceeding).  Attorney-client privilege "is not waived if the privileged communication is shared with a third person who has a common legal interest with respect to the subject matter of the communication."  *In re JDN Real Est.-McKinney L.P.*, 211 S.W.3d 907, 922 (Tex. App.—Dallas 2006, orig. proceeding).  That is, the Texas common interest rule *expands* the scope of attorney-client privilege, rather than stating that parties with a common interest may force disclosure of otherwise privileged documents.  Accordingly, we do not conclude that this rule applies to require Mewbourne to produce the requested defense files.

### Offensive Use Waiver

Alternatively, Relator contends that Mewbourne waived any privilege which would protect the requested material from disclosure.  The "offensive use of privilege" or "sword-and-shield" waiver doctrine provides that in asserting a privilege "[a] plaintiff cannot use one hand to seek affirmative relief in court and with the other lower an iron curtain of silence against otherwise pertinent and proper questions which may have a bearing upon his right to maintain his action."  *Ginsberg v. Fifth Court of Appeals*, 686 S.W.2d 105, 108 (Tex. 1985) (quoting *Pavlinko v. Yale–New Haven Hosp.*, 192 Conn. 138, 470 A.2d 246, 251 (1984)).  The Texas Supreme Court explained:

> First, before a waiver may be found the party asserting the privilege must seek affirmative relief. Second, the privileged information sought must be such that, if believed by the fact finder, in all probability it would be outcome determinative of the cause of action asserted.  Mere relevance is insufficient. A contradiction in position without more is insufficient. The confidential communication must go to the very heart of the affirmative relief sought. Third, disclosure of the confidential communication must be the only means by which the aggrieved party may obtain the evidence. If any one of these requirements is lacking, the trial court must uphold the privilege.

*In re Barnes*, 655 S.W.3d 658, 675 (Tex. App.—Dallas 2022, orig. proceeding) (quoting *Republic Ins. Co. v. Davis*, 856 S.W.2d 158 (Tex. 1993)).

In this case, Mewbourne is generally seeking affirmative relief since it sued Relator and Greene's for breach of contract and sought as damages its defense costs for the Hernandez Lawsuit.  As to the second factor, it is well settled that damages in an insured's claim for breach of contract for an insurer's wrongful failure to defend generally include the expenses of the insured in defending the underlying suit (including reasonable attorney fees and court costs).  *See Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 27 (Tex. 2007); *United Servs. Auto. Ass'n v. Pennington*, 810 S.W.2d 777, 784 (Tex. App.—San Antonio 1991, writ denied)

(citing *Texas United Ins. Co. v. Burt Ford Enterprises, Inc.*, 703 S.W.2d 828, 835 (Tex. App.—Tyler 1986, no pet.)). The "reasonableness" and "necessity" of attorney's fees are questions of fact to be determined by the fact finder, for which the fee claimant must provide sufficient evidence. *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 489 (Tex. 2019). As aforementioned, we do not determine here whether Relator may be permitted to challenge the reasonableness and necessity of Mewbourne's defense costs (or the sufficiency of the evidence it provides to support same). However, even assuming *arguendo* that Relator may do so, it is unclear on this record (and Relator does not provide any analysis regarding) how the *complete defense files* of the Law Firms would be "outcome determinative" or "go to the very heart" of such a challenge (despite Relator's conclusory claim that the files would be "directly relevant" thereto).[7] *See In re Exxon Mobil Corp.*, 389 S.W.3d 577, 582 (Tex. App.—Houston [14th Dist.] 2012, orig. proceeding) (in-house counsel's litigation documents for underlying suit for which Exxon sought reimbursement of settlement fail second offensive-use factor because standard for reasonableness determination is objective).

Lastly, in connection with the final offensive use waiver factor, Relator has not informed this Court, and did not inform Respondent, of what relevant evidence it hopes to acquire from the defense files that it cannot otherwise obtain (instead arguing only that the defense files *as a whole* would be maintained solely by the Law Firms). *See Barnes*, 655 S.W.3d at 676. The offensive use waiver doctrine is not a fishing license or a general permission to engage in a dredging operation. *See National Lloyds*, 532 S.W.3d at 805-06 (complete litigation file is "almost certain to encompass numerous irrelevant and immaterial documents as well as privileged information"); *see also In re Beirne, Maynard & Parsons, L.L.P.*, 260 S.W.3d 229, 231 (Tex. App.—Texarkana 2008, orig. proceeding) (approving stringently limited discovery of law firm's *billing* records where party "did not pursue a review of all of the documents or files, but only what it claimed was a sampling of certain specified files," and permitting removal of "attorney-client information" from files). On this record, we cannot conclude that the trial court abused its discretion in impliedly finding that Relator failed to prove the applicability of the offensive use waiver to the Law Firms' defense files.

---

[7] We note that Mewbourne's counsel, Michael J. Stoner, averred in his affidavit that Mewbourne provided Relator with all the supporting invoices for the attorney's fees for which it seeks reimbursement, as well as copies of "(a) pleadings, (b) deposition transcripts, (c) expert reports, (d) disclosures, and (f) an index of produced documents."

**Summation**

Because Mewbourne established a prima facie case for attorney work-product privilege and Relator failed to prove that an exception to said privilege applies, we conclude that Respondent did not abuse his discretion in granting Mewbourne's motion to quash.

## DISPOSITION

Having determined that Relator has not shown an entitlement to mandamus relief, we *deny* the petition for writ of mandamus. We *lift* our stay of June 13, 2024.

BRIAN HOYLE
Justice

Opinion delivered August 15, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

11



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 15, 2024**

**NO. 12-24-00191-CV**

**STARR INDEMNITY & LIABILITY COMPANY,**
Relator
V.
**HON. JUDGE KERRY L. RUSSELL,**
Respondent

Original Proceeding from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 19-2611-A)

ON THIS DAY came to be heard the petition for writ of mandamus filed by Starr Indemnity & Liability Company; who is the relator in appellate cause number 12-24-00191-CV and the defendant in trial court cause number 19-2611-A, pending on the docket of the 7th Judicial District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on June 12, 2024, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*